IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil Action No. 3:13CV-836-H |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JERRY L. WILSON and | ) | |
| EME, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

The United States of America alleges as follows:

### NATURE OF THE ACTION

1. This action is brought by the United States to enforce Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3619 (the Fair Housing Act).

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 3614(a).

3. Venue is proper under 28 U.S.C. § 1391(b), because the claims alleged herein arose in the Western District of Kentucky.

### FACTUAL ALLEGATIONS

4. Treva Court Apartments, a four-building, forty-eight unit apartment complex, is located at 272 Treva Court in Mount Washington, Kentucky.

5. Defendant Jerry L. Wilson, a resident of Kentucky, is the rental agent for Treva Court Apartments.

6. Defendant EME, LLC is a limited liability corporation licensed to do business in Kentucky.  Defendant EME, LLC owns Treva Court Apartments.

7. The units at Treva Court Apartments are dwellings within the meaning of Section 802(b) of the Fair Housing Act, 42 U.S.C. § 3602(b).

8. Between July and November 2012, the United States Department of Justice conducted testing to evaluate Defendants' compliance with the Fair Housing Act.  Testing is a simulation of a housing transaction that compares responses given by housing providers to different types of home-seekers to determine whether illegal discrimination is occurring.

### COUNT I:  DISCRIMINATION BASED ON RACE

9. The United States re-alleges and herein incorporates by reference the allegations set forth in paragraphs 1-8, above.

10. The testing undertaken by the United States revealed that Defendant Wilson is engaged in housing practices that discriminate on the basis of race or color at Treva Court Apartments, including:

   a. Failing to tell black testers about all available apartments;

   b. Discouraging black testers from renting apartments;

   c. Refusing to negotiate with black testers for the rental of apartments; and

   d. Misrepresenting the availability of apartments to black testers.

11. The conduct of Defendant Wilson described above in Paragraph 10 constitutes:

   a. A refusal to negotiate for the rental of, or otherwise making unavailable or denying, dwellings to persons because of race or color, in violation of Section 804(a) of the Fair Housing Act, 42 U.S.C. § 3604(a); and

    b. Misrepresentations regarding the availability of dwellings on the basis of race or color, in violation of Section 804(d) of the Fair Housing Act, 42 U.S.C. § 3604(d).

### COUNT II:  DISCRIMINATION BASED ON FAMILIAL STATUS

12. The United States re-alleges and herein incorporates by reference the allegations set forth in paragraphs 1-8, above.

13. The testing undertaken by the United States revealed that Defendant Wilson engaged in housing practices that discriminate on the basis of familial status at Treva Court Apartments by making statements with respect to the rental of a dwelling that indicated a preference, a limitation, or discrimination based on familial status, and an intention to make such a preference, limitation or discrimination based on familial status.  Specifically, Defendant Wilson made statements that he would not rent, or preferred not to rent, second floor apartments to families with children.

14. The conduct of Defendant Wilson described above in Paragraph 13 constitutes a violation of Section 804(c) of the Fair Housing Act, 42 U.S.C. § 3604(c).

* * * * *

15. EME, LLC is liable for the discriminatory conduct of its agent, Defendant Wilson, described above.

16. The conduct of Defendants described above constitutes:

    a. A pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601, et seq.; or

    b. A denial to a group of persons of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601, et seq., which denial raises an issue of general public importance.

17. Persons who may have been victims of Defendants' discriminatory housing practices are "aggrieved persons" as defined in Section 802(i) of the Fair Housing Act, 42 U.S.C. § 3602(i), and may have suffered damages as a result of the conduct described above.

18. Defendants' conduct described above was intentional, willful, and taken in disregard for the rights of others.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that the Court enter an order that:

1. Declares that Defendants' policies and practices, as alleged herein, violate the Fair Housing Act;

2. Enjoins Defendants, their officers, employees, agents, successors, and all other persons in active concert or participation with any of them, from:

   a. Discriminating against any person on the basis of race, color or familial status in any aspect of the rental of a dwelling;

   b. Failing or refusing to notify the public that dwellings owned or operated by Defendants are available to all persons on a non-discriminatory basis;

   c. Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of Defendants' unlawful practices to the position they would have been in but for the discriminatory conduct; and

   d. Failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, to the extent practicable, the effects of Defendants' unlawful practices;

3. Awards monetary damages to all persons harmed by Defendants' conduct, pursuant to Section 814(d)(1)(B) of the Fair Housing Act, 42 U.S.C. § 3614(d)(1)(B); and

4.     Assesses a civil penalty against Defendants to vindicate the public interest in an amount authorized by Section 814(d)(1)(C) of the Fair Housing Act, 42 U.S.C. § 3614(d)(1)(C), and 28 C.F.R. § 85.3(b)(3).

The United States further prays for such additional relief as the interests of justice may require.

Dated:  August 27, 2013

ERIC H. HOLDER, JR.
Attorney General

_s/ Jocelyn Samuels_
JOCELYN SAMUELS
Acting Assistant Attorney General
Civil Rights Division

DAVID J. HALE
United States Attorney
Western District of Kentucky

_s/ Benjamin S. Schecter_
BENJAMIN S. SCHECTER
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
Tel: (502) 582-5911
Fax: (502) 582-5097
Ben.Schecter@usdoj.gov

_s/ Steven H. Rosenbaum_
STEVEN H. ROSENBAUM
Chief, Housing and Civil
Enforcement Section

_s/ Sara L. Niles_
MICHAEL S. MAURER
Deputy Chief
SARA L. NILES
Trial Attorney
United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Avenue, N.W.
Northwestern Building, 7th Floor
Washington, DC 20530
Tel: (202) 514-2168
Fax: (202) 514-1116
Sara.Niles@usdoj.gov